# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| D'ANGELO NUNEZ,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | No. CV 21-07944-PA (DFM)<br><br>ORDER SUMMARILY DISMISSING PETITION |

On September 23, 2021, Petitioner D'Angelo Nunez constructively filed a pro se Petition for Writ of Habeas Corpus by a Person In Federal Custody pursuant to 28 U.S.C. § 2241. See Dkt. 1 ("Petition"). For the reasons set forth below, the Petition is DISMISSED for lack of jurisdiction.

## I.   BACKGROUND

In March 2007, Petitioner was sentenced to a mandatory minimum term of imprisonment of 240 months following his conviction in the United States District Court for the Southern District of New York for conspiracy to distribute and possess with intent to distribute a controlled substance. See Petition at 1 (citing S.D.N.Y. Case No. 1:05-cr-00909-DLC-1). Petitioner does not challenge his conviction but rather the immigration detainer that was lodged against him in 2011. See id. Petitioner argues that the detainer must be removed because robbery under the Hobbs Act no longer constitutes an

aggravated felony. See id. at 6. According to Petitioner, the detainer prevents him from receiving the benefits of certain programs, such as release to a halfway house. See id.

## II.   DISCUSSION

In relevant part, the federal habeas statute provides that a district court may entertain a habeas application by a person "in custody under or by color of the authority of the United States" or "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(1), (3). The Supreme Court has interpreted the statutory language to mean "in custody" pursuant to the conviction or sentence under attack at the time the petition is filed. See Maleng v. Cook, 490 U.S. 488, 490 (1989). The "in custody" requirement is a jurisdictional prerequisite to habeas review. See Wilson v. Belleque, 554 F.3d 816, 821 (9th Cir. 2009).

An immigration detainer is a request to a law enforcement agency or prison to notify the United States Department of Homeland Security ("DHS") before it releases an alien upon completion of his criminal sentence so that DHS may take custody of the alien for removal proceedings. See 8 C.F.R. § 287.7; see also Galaviz–Medina v. Wooten, 27 F.3d 487, 493 (10th Cir. 1994) ("A detainer usually serves only as a notice to federal prison authorities that the [Immigration and Naturalization Service or "INS"] is going to be making a decision about the deportability of the alien in the future."). Accordingly, the Ninth Circuit has held that a "bare detainer letter alone does not sufficiently place an alien in INS custody to make habeas corpus available.'" Campos v. I.N.S., 62 F.3d 311, 314 (9th Cir. 1995) (quoting Garcia v. Taylor, 40 F.3d 299, 303 (9th Cir. 1994)); see also United States v. Female Juvenile, A.F.S., 377 F.3d 27, 35 (1st Cir. 2004) ("[A]n INS detainer is not, standing alone, an order of custody. Rather, it serves as a request that another law enforcement agency notify the INS before releasing an alien from

detention so that the INS may arrange to assume custody over the alien."). Put simply, the detainer is only a notification that a removal decision will be made at some later date. See Campos, 62 F.3d at 313-14.

Given that Petitioner is not currently in DHS or ICE custody and is not challenging the underlying conviction for which he is currently incarcerated, the Court lacks jurisdiction to adjudicate a habeas claim challenging the immigration detainer. See Mousa v. Immigr. & Customs Enf't, No. 19-1164, 2019 WL 7484743 (E.D. Cal. Oct. 7, 2019) (dismissing challenge to immigration detainer for lack of jurisdiction); Sayadeth v. Apker, No. 16-1460, 2016 WL 8731393 (E.D. Cal. Oct. 7, 2016) (same).

Separate and apart from the jurisdictional problems, Petitioner's challenge to the ICE detainer itself is likely not cognizable in a habeas corpus action. See 8 U.S.C. § 1252(e)(2) (stating which orders related to removal are reviewable and listing requirements to seek judicial review); Reno v. American–Arab Anti–Discrimination Comm., 525 U.S. 471, 482 (1999) (interpreting 8 U.S.C. § 1252(g) to deprive federal courts of jurisdiction to review ICE's "decision or action . . . to commence proceedings, adjudicate cases, or execute removal orders").

///
///
///
///
///
///
///
///
///
///

### III.   CONCLUSION

For the foregoing reasons, the Petition is DISMISSED for lack of jurisdiction.

Date:  October 19, 2021

PERCY ANDERSON
United States District Judge

Presented by:

DOUGLAS F. McCORMICK
United States Magistrate Judge